IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRNA HUBBARD,

      Plaintiff,                          No. CIV S-07-2562 MCE DAD PS

    vs.

FOLSOM STATE PRISON, et al.,       <u>ORDER</u>

      Defendants.

_____/

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

      A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The district court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit demonstrating his or her inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

      Here, plaintiff indicates in her in forma pauperis application that she is not currently employed. However, plaintiff has failed to provide information about the date of her last employment, the amount of take-home pay, payment intervals, and the employer's name and address. Plaintiff indicates that she received money in the past twelve months from "other

1

sources," but she has failed to describe those sources, the amount received from each source during the past twelve months, and the amount she expects to continue to receive.  Plaintiff declares that she has no cash or checking or savings accounts and does not own any real estate or other assets of value.  Plaintiff alleges in her complaint that she is a licensed real estate sales person, a licensed real estate broker, and operator of a home-based business.  (Compl. at 3-4.)

The court finds that plaintiff has failed to make an adequate showing of indigency.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).  The in forma pauperis application filed on November 30, 2007, should therefore be denied.

Plaintiff is advised that a federal pleading must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  This is so because federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal Constitution and statute.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  See Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  Kokkonen, 511 U.S. at 377.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also

---

[1] The judicial power of the United States is vested in "one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."  U.S. Const. Art. III, § 1.  Congress has conferred jurisdiction upon federal district courts, as limited by Article III, § 2.  See 28 U.S.C. § 132.  See also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

1  be conferred by federal statutes regulating specific subject matter.  See generally W.W.
2  Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Here,
3  plaintiff has sued Folsom State Prison and Warden Kramer.  She alleges that she and her son, a
4  state prisoner confined in Folsom State Prison, were attacked by correctional officers at a motel
5  in Rancho Cordova on January 26, 2007.  Plaintiff alleges that correctional officers, including an
6  officer named Dobson, spat on her, punched her in the face, which knocked one of her front teeth
7  loose, and pulled out some of her hair.  Plaintiff characterizes her action as one for personal
8  injury.  She seeks 24 million dollars in damages for the assault.[2]

9  The allegations of plaintiff's complaint demonstrate that diversity jurisdiction is
10 absent because all parties to the action are citizens of California.  A claim of assault does not
11 arise under the United States Constitution or any federal statute and therefore fails to present a
12 federal question.  However, the pro se plaintiff may be attempting to allege a civil rights
13 violation.

14 In the interests of justice, the court will deny plaintiff's in forma pauperis
15 application with leave to file a new application that provides detailed information about all of
16 plaintiff's income during the past twelve months.  If plaintiff's new application makes the
17 showing required by 28 U.S.C. § 1915, the court will grant plaintiff leave to proceed in forma
18 pauperis and will dismiss plaintiff's complaint with leave to amend.  At that time, the court will
19 provide plaintiff with information about the deficiencies of her complaint, as well as instructions
20 for amending the complaint.
21 /////
22 /////

---

[2] Plaintiff also seeks her son's release from state prison.  Plaintiff is informed that an individual representing himself or herself without an attorney may not represent any other individual appearing without an attorney.  See Local Rule 83-183(a).  Thus, the pro se plaintiff in this case cannot raise any claims on behalf of her son.  Moreover, when a state prisoner seeks an earlier or immediate release from prison, his sole federal remedy is a petition for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 30, 2007 application to proceed in forma pauperis is denied without prejudice; and

2. Plaintiff shall submit, within fifteen days from the date of this order, a properly completed application to proceed in forma pauperis. Plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice.

DATED: January 2, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\hubbard2562.ifp.den