IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRNA HUBBARD,

    Plaintiff,                       No. CIV S-07-2562 MCE DAD PS

    vs.

FOLSOM STATE PRISON, et al.,      ORDER

    Defendants.

_____/

        By order filed January 2, 2008, plaintiff's application to proceed in forma pauperis was denied without prejudice and plaintiff was granted fifteen days to file a new application. Plaintiff's new in forma pauperis application is before the court

        The court finds that plaintiff's application form and supporting documents filed January 17, 2008 make the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's renewed application to proceed in forma pauperis will be granted.

        The determination that a plaintiff is indigent does not complete the inquiry required by 28 U.S.C. § 1915(e)(2). An in forma pauperis case is subject to dismissal at any time if the court determines that plaintiff's allegation of poverty is untrue or if the court finds that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Put another way, dismissal of a claim or an entire complaint "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). In determining whether a pleading states a claim, the court accepts as true the material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In addition, a civil complaint filed in federal court must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). This is so because federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal Constitution and statute. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. See Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.

/////

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. See generally W.W. Schwarzer, A.W. Tashima & J.M. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Here, plaintiff has sued Folsom State Prison and Warden Kramer. She alleges that she and her son, a state prisoner confined in Folsom State Prison, were attacked by correctional officers at a motel in Rancho Cordova on January 26, 2007. Plaintiff alleges that correctional officers spat on her, punched her in the face, thereby knocking one of her front teeth loose, and pulled out some of her hair. Plaintiff characterizes this case as one arising from personal injury and assault. For herself, plaintiff seeks 24 million dollars in damages. Plaintiff also seeks the release of her son from state prison.

Plaintiff is informed that an individual representing himself or herself without an attorney is not permitted to represent any other individual appearing without an attorney. See Local Rule 83-183(a). Thus, the plaintiff in this case cannot represent her son and litigate claims on his behalf. To the extent that plaintiff's complaint raises claims on behalf of her son, those claims must be dismissed.

Turning to the issue of jurisdiction, the court finds that diversity jurisdiction is absent because plaintiff and at least one defendant are citizens of the State of California. No federal question is evident because claims of assault and personal injury arise under state law and should be litigated in state courts. In the absence of any apparent basis for federal jurisdiction, plaintiff's complaint must be dismissed.

Although plaintiff's complaint fails to allege a basis for federal jurisdiction or a plausible claim upon which relief may be granted, the court will dismiss the complaint with leave to amend. If plaintiff chooses to file an amended complaint, the new pleading must contain a short and plain statement of the grounds for this court's jurisdiction. Plaintiff may allege only her own claims.

Plaintiff is informed that the Eleventh Amendment serves as a bar to suits for damages brought by private parties against a state or a state agency unless the state or the agency has consented to such suits. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). The State of California and its state prisons have not consented to federal suits for damages. In addition, state prisons are not persons for purposes of 42 U.S.C. § 1983 and cannot be sued for non-monetary relief. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66, 70-71 (1989); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991). For these reasons, plaintiff's amended complaint must omit claims against Folsom State Prison.

If plaintiff seeks to allege a civil rights violation, plaintiff is informed that 42 U.S.C. § 1983 requires an actual connection or link between the actions of the defendant and the deprivation of rights alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In general, supervisory personnel are not liable pursuant to § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violations must be specifically alleged. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). If plaintiff's amended complaint alleges civil rights violations, the pleading must name specific defendants and allege facts linking each defendant to the alleged violation of civil rights. Vague allegations regarding the warden or any other supervisorial defendant will not suffice.

An amended complaint must be complete in itself without reference to the original complaint. <u>See</u> Local Rule 15-220. Failure to file an amended complaint that complies with this order will result in a recommendation that plaintiff's case be dismissed.

The docket reflects that plaintiff has filed an untitled document in which she states that she needs a restraining order for her son. As explained above, a party proceeding pro se cannot represent any other person. The pro se plaintiff's request for an order on behalf of another person must therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The pro se plaintiff's December 28, 2007 request for an order on behalf of another person is denied;

2. Plaintiff's January 17, 2008 application to proceed in forma pauperis is granted;

3. Plaintiff's complaint is dismissed with leave to amend; and

4. Plaintiff is granted twenty days from the date of service of this order to file an amended complaint; any amended complaint must bear the case number assigned to this case and must be titled "First Amended Complaint." Failure to file an amended complaint that complies with this order and applicable rules will result in a recommendation that this action be dismissed without prejudice.

DATED: January 23, 2008.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　DALE A. DROZD
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\hubbard2562.ifpgr.lta

5