IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MYRNA HUBBARD,

    Plaintiff,                       No. CIV S-07-2562 MCE DAD PS

    vs.

FOLSOM STATE PRISON, et al.,       FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        By order filed January 24, 2008, plaintiff's application to proceed in forma pauperis was granted and plaintiff's complaint was dismissed with leave to amend. Plaintiff's amended complaint is before the court.

        Plaintiff was previously advised that an in forma pauperis case is subject to dismissal at any time if the court finds that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Thus, dismissal of a complaint "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must

1

1  allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.
2  Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).
3         Plaintiff was also advised that a civil complaint filed in federal court must contain
4  "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a).
5  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from
6  the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport
7  Area Sch. Dist., 475 U.S. 534, 546 (1986)). Federal courts are courts of limited jurisdiction and
8  may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co.,
9  511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). The burden of
10 establishing jurisdiction rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377.
11 Lack of subject matter jurisdiction may be raised by the court at any time. Attorneys Trust v.
12 Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).
13        The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which
14 confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also
15 be conferred by federal statutes regulating specific subject matter. See generally W.W.
16 Schwarzer, A.W. Tashima & J.M. Wagstaffe, Federal Civil Procedure Before Trial § 2:5.
17        Plaintiff's amended complaint contains no statement of the grounds for this
18 court's jurisdiction. The pleading begins with plaintiff's allegation that she was attacked and
19 threatened on an unspecified date "by Folsom State Prison Guards[,] and Warden Kramer was
20 present at the attack." (Pl.'s Amended Compl. at 1.) Plaintiff alleges that correctional officers
21 Raye, Dobson, and Ramacher were involved in the attack. It appears that plaintiff and all
22 defendants are residents of the same state, eliminating diversity as a basis for jurisdiction.
23        Plaintiff's amended complaint does not include any details concerning the alleged
24 attack, but she cites the Ralph Act of 1976, the Bane Act of 1987, the California Constitution,
25 and the California Civil Code. She seeks treble damages under California Civil Code § 52(a), as
26 well as punitive damages. Plaintiff accuses the defendants of hate crimes "covered in chapter 7

of the State Bar Manual entitled Hate Violence Statues [sic] and the First Amendments." The accusation is followed by a list of California Penal Code sections.

Plaintiff is advised that crimes should be reported to the appropriate law enforcement agency. Private individuals may not prosecute crimes in civil actions. Although plaintiff's reference to hate crimes suggests that she may be attempting to allege civil rights violations, she has requested relief only under state law. The court has noted plaintiff's reference to a state bar publication that apparently discusses hate crimes in the context of the First Amendment, but the allegations of plaintiff's amended complaint do not demonstrate a violation of a right guaranteed by the First Amendment to the United States Constitution. In the absence of a plausible claim that may arise under any provision of the United States Constitution or under any federal statute, plaintiff's amended complaint fails to establish the existence of federal question jurisdiction.

Plaintiff's amended complaint must be dismissed for lack of federal jurisdiction and for failure to state a federal claim upon which relief may be granted. Plaintiff was previously provided with information about jurisdiction and was advised that her new pleading must contain a short and plain statement of the grounds for this court's jurisdiction. Plaintiff was forewarned that failure to file an amended complaint that complied with the court's order would result in a recommendation that this case be dismissed. Despite the court's advice, plaintiff failed to provide a jurisdictional statement and failed to allege facts demonstrating a basis for federal jurisdiction. Nor does the amended complaint allege enough facts to state a federal claim for relief that is plausible on its face.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to establish a basis for federal jurisdiction and for failure to state a federal claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10)

days after being served with these findings and recommendations, plaintiff may file objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\hubbard2562.f&r